IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
2006 JUN 22  P 1: 42
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| BRENT G. POLL,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN W. SNOW, Secretary, United States Department of Treasury, PAUL H. O'NEIL, former Secretary, United States Department of Treasury, OFFICE OF SPECIAL COUNSEL, OFFICE OF PERSONNEL MANAGEMENT, INTERNAL REVENUE SERVICE MERIT SYSTEMS PROTECTION BOARD, UNITED STATES EQUAL OPPORTUNITY COMMISSION, JAMES SCOTT, Chief of the File and Information Branch for OPM, RONNIE BLUMENTHAL, Director of the Office of Federal Operations for the EEOC, UNNAMED EEOC COMMISSIONERS, and JOHN DOES 1-5,<br><br>Defendants. | **ORDER AND OPINION**<br><br>Case No. 1:01-CV-94<br><br>Judge Dee Benson |

## I. INTRODUCTION

This is a case that involves an IRS agent, Mr. Poll, who was first transferred from Ogden, Utah to Fresno, California and then terminated when he refused to report to his new area. Mr. Poll claims that the IRS wrongfully terminated him in retaliation for (1) not supporting the advancement of his supervisor in Ogden, (2) defending an African-American fellow employee in his successful EEOC complaint against the IRS, and (3) filing several grievances against his Ogden supervisors concerning his own employment with the IRS. Mr. Poll brings this action as a "mixed case" where he claims protection under both 5 U.S.C. section 2302(b) and the retaliation definition for protected activities found in the Civil Rights Act.

Twenty three years ago, Mr. Poll was employed as an IRS agent. Mr. Poll was reassigned from Fresno, California to Ogden, Utah after experiencing difficulties with his superiors in the Ogden office. He was reassigned from his position as GS-12 Disclosure Specialist to the position of GS-12 Program Analyst. After extending his reporting date twice, the IRS directed Mr. Poll to report for duty at the Fresno office on January 10, 1983. Mr. Poll did not report and was absent from work until May 20, 1983. Eventually, the IRS proposed to remove Mr. Poll for his failure to report, and he was terminated.

## II. BACKGROUND

The following is a general description of the vast procedural history in this matter. Mr. Poll appealed his removal to the Merit Systems Protection Board ("MSPB"), and the Board upheld his removal. The MSPB found "nothing inappropriate about management's decision to reassign a professionally competent but troublesome employee to another geographic location in an effort to deal with the intense distrust and dislike between appellant and upper management."[1] The decision became final because Mr. Poll did not file a petition for review with the MSPB as required under 5 U.S.C. section 7701(e)(1). Later, Mr. Poll attempted to appeal the MSPB's final decision to the United State Court of Appeals for the Federal Circuit, but the court dismissed his appeal for failure to prosecute in accordance with its rules.

Mr. Poll sought to reopen/reconsider his removal with the MSPB after discovering new evidence from his supervisor in Fresno, Albert Przecha. The new evidence was a writing by Mr. Przecha stating that Mr. Poll was transferred "for the express purpose of firing him from his job."[2] The MSPB denied Mr. Poll's petition because its regulations did not give him the right to

---

[1] Exhibit 1 to Memorandum in support of Defendants' Motion for Summary Judgment.

[2] Exhibit 2 to Memorandum in support of Defendants' Motion for Summary Judgment.

request reconsideration more than 35 days after the issuance of the Board's decision.[3] Further, the Board noted that Mr. Poll could find recourse in the Federal court system. Mr. Poll, however, had already unsuccessfully appealed the MSPB decision to the Federal Circuit Court, and the Board lacked the authority to review that decision.

In 1985, in hope of obtaining some relief, Mr. Poll filed two equal employment opportunity ("EEO") complaints against the IRS. The complaints dealt with a delay in his hiring to a new, government position based on misrepresentations of Mr. Poll's work and character made by an Ogden supervisor. Mr. Poll settled both of those complaints with the IRS in 1987. The parties entered into a settlement agreement providing that the settlement "shall constitute a full and complete settlement of any and all claims which the complainant may have against the agency, present and former agency employees or agents, and/or the United States of America as a result of the incidents or circumstances raised in the above-referenced complaints." The defendants do not argue that the settlement agreement pertained to Mr. Poll's claims based on the Przecha statement.

In 1993, Mr. Poll filed in U.S. District Court for the District of Utah a petition for writ of mandamus directing the Office of Special Counsel ("OSC") to intervene and investigate his allegations against his reassignment and removal by the IRS. Mr. Poll cited to the Przecha statement to show that his termination was improper. This Court granted the federal defendants' motion to dismiss on the basis that it did not have jurisdiction to overrule the existing judgments of the MSPB and the Federal Circuit and that it could not amend the OSC's exercise of prosecutorial discretion through a writ of mandamus.

---

[3] 5 C.F.R. § 1201.113.

Before the court's dismissal of the his complaint, Mr. Poll contacted an EEO counselor and filed his third EEO complaint challenging his reassignment. The Department of Treasury dismissed the complaint. The Treasury ruled against Mr. Poll on several grounds including: his complaint raised a matter that was the basis of the 1984 MSPB appeal, the complaint raised a matter that was the basis of the 1995 District Court action, and Mr. Poll's initial contact with an EEO Counselor was not timely. Mr. Poll appealed the Treasury dismissal to the EEO Commission, Office of Federal Operations ("OFO"). Mr. Poll argued that the Przecha statement constituted "new and material evidence" and the matter was not resolved through his 1985 EEOC complaints. The OFO upheld the Treasury dismissal of Mr. Poll's complaint because it "state[d] the same claim that was pending before or decided by the agency or Commission." Mr. Poll, however, has seized upon the language in the EEOC's dismissal where the decision gave Mr. Poll the "right to appeal that decision by filing a civil action in the appropriate United States District Court."

On August 8, 2001, Mr. Poll filed this action. On or about April 9, 2002, Mr. Poll served the complaint on the defendants, although he did not properly serve the United States Attorney's Office. Mr. Poll took several more years in amending his complaint and adding defendants. Mr. Poll ultimately stated the following four causes of action:

**(1)** reassignment amounted to a pretextual termination by the IRS,

**(2)** defendants took the challenged actions as "reprisal" against him for representing Mr. Groves and challenging his supervisors,

**(3)** retaliation for conduct protected by the Whistleblower Protection Act of 1989, and

**(4)** that the OPM, OSC, MSPB, and EEOC were required to act in his best interest and "correct what was clearly a wrongful act."

## III. DISCUSSION

If Mr. Poll is to be believed, one must accept that he has been the most unfortunate victim of repeated, procedural defects in the United States' judicial system. Beyond that, there are several hurdles that Mr. Poll cannot overcome in asserting his causes of action.

### 1. Sovereign Immunity

Mr. Poll argues that the EEOC's decision in 2001 allowing him the "right to file a civil action in an appropriate United States District Court" constitutes a waiver of the United States' sovereign immunity. But the EEOC decision is merely standard, bureaucratic form language to inform Mr. Poll of the right to seek judicial review of the EEOC's decision. Mr. Poll's right to seek judicial review is subject to all available legal defenses, including the requirement that an employee timely exhaust his administrative remedies. *See Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) ("Timely contact with an EEO counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of employment discrimination in federal district court."). Mr. Poll claims he came across the incriminating evidence, Mr. Przecha's statement, in 1984. Yet he failed to notify an EEO counselor until August 19, 1998, almost 15 years after its discovery.

Further, Mr. Poll claims that the Civil Service Reform Act of 1978 ("CSRA"), codified in various sections of 5 U.S.C., provides a jurisdictional basis for his claim. The relevant provisions are 5 U.S.C. sections 7702-03, which provide that an employee can seek judicial review of an MSPB decision either by filing a petition for review with the Federal Circuit (for non-mixed cases) **or** by filing an action in district court (for mixed cases). The Tenth Circuit holds that employees may **not** pursue **both** avenues. *Wells .v Shalala*, 228 F.3d 1137, 1143 (10th Cir. 2000).

Mr. Poll sought relief for his "mixed case," an EEO claim, with the MSPB on three separate occasions and elected to appeal the MSPB's decision on the merits of his claim to the Federal Circuit. Under section 7702, Mr. Poll chose one avenue for relief and, therefore, he does not have a jurisdictional basis for bringing his claims to this Court. 5 U.S.C. § 7702(e)(1)(A); *Wells*, 228 F.3d at 1143. Not only do the statutes and common law preclude his claim on a jurisdictional basis, but also this Court previously ruled against Mr. Poll on this very issue in *Poll v. United States Office of Special Counsel*, Case No. 1:93 CV 150 DAK, Doc. No. 28. Therefore, Mr. Poll should not be permitted to relitigate the jurisdictional basis for his claims. Mr. Poll's complaint should be dismissed with prejudice.

## 2. Civil Service Reform Act as Basis for Mr. Poll's Claims

As discussed above, the CSRA provides a federal employee two avenues to pursue an administrative review of a personnel decision. In a "mixed case," the employee may file a complaint with the MSPB or with the employing agency's EEO office, but not both. *Wells*, 228 F.3d at 1143. If the employee seeks relief through an EEO mixed case complaint, he can file a civil discrimination action in district court within 30 days of a final decision by the agency or after 120 days have passed without a decision. 5 U.S.C. § 7702(e)(1)(A). Mr. Poll previously chose to pursue his claims through the MSBP process and the Federal Circuit. Therefore, Mr. Poll is not permitted to seek another review opportunity by filing a new discrimination complaint with the agency, appealing its dismissal to the EEOC, and then filing a civil action in district court. *Id.*; *Wells*, 228 F.3d at 1143.

Even if Mr. Poll did not foreclose his right to bring a civil discrimination action by choosing to file a MSPB complaint, he should not be allowed another review opportunity where he did not take action within the time frame required under the statutory scheme. An employee

who claims discrimination or retaliation by a federal agency "must initiate contact with an [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Here, Mr. Poll was aware of Przecha's statement in 1984; however, Mr. Poll did not make an EEO counselor aware of this until August 1998. So Mr. Poll does not have a basis under the CSRA for his claim where he did not properly contact an EEO counselor or take any action for 14 years.

Furthermore, Mr. Poll did not raise his whistleblower complaint in his first MSPB appeal in 1983 or in any of his EEOC complaints. And Mr. Poll does not make a showing of why he failed to allege the whistleblower claim until this action. Mr. Poll has filed nine complaints or appeals regarding his removal with four different forums over the past two decades and has not raised the whistleblower claim until now. He did not avail himself of administrative remedies where he did not file his EEO complaint with an EEO counselor within 45 days of the alleged retaliatory event. His whistleblower claim should be dismissed for failure to timely exhaust the claim and should not provide a jurisdictional basis for his claim. Even if Mr. Poll timely brought his whistleblower claim, he has not shown any evidence that he is entitled to relief for his claim.

### 3. Limitations Period and Res Judicata

Mr. Poll's claims are time barred because in his "mixed case" he was required to file an action within 30 days after receipt of notice of the MSPB's final decision.[4] The MSPB reached its decision in 1984; however, Mr. Poll waited until 2001 before filing this action. Mr. Poll argues his claim is not time barred because the delay in this case was due to Defendants'

---

[4] 5 U.S.C. § 7703(b)(2).

"inexcusable conduct."[5] Mr. Poll is in essence arguing for an equitable tolling of the limitation period, but this argument is without merit.

"[A] Title VII time limit will be tolled only if there has been 'active deception' of the claimant regarding procedural prerequisites." *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir.) (emphasis in original) (citation omitted). Equitable tolling may also apply "if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights." *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quotations and citation omitted).

Mr. Poll claims that the delay in pursuing his claims came about because the government failed to contact Mr. Przecha regarding his statement.[6] It is not apparent, however, how the alleged government inaction impeded or deceived Mr. Poll into allowing 14 years of deadline after deadline to pass. Again, Mr. Poll knew about the Przecha statement in 1984 but did not timely take the necessary steps to pursue his claim.

Moreover, "[u]nder res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyoming Dept. of Empl. Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (quoting *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993)). In order for res judicata to apply there must be present: (1) a final judgment on the merits in the prior action, (2) identity of parties or privies, and (3) identity of the cause of action. *Id.* at 504. Mr. Poll claims that res judicata is inapplicable here because (1) there has been no

---

[5] Plaintiff's Memorandum at 18.

[6] *Id.* at 18-19.

8

final determination on Plaintiff's mixed case in any setting, and (2) the Federal Circuit's final judgment on the merits of his claim preceded the discovery of the Przecha statement.[7]

Mr. Poll's first contention is incorrect where both the MSPB and the Federal Circuit made final determinations on his case. Mr. Poll appealed the MSPB's decision, which addressed his claims of pretextual termination, reprisal for his EEO activities, and the failure to correct a wrongful act. The MSPB did not review the original finding because their regulations did not give Mr. Poll the right to request reconsideration, and the MSPB has no authority to review a decision of the Federal Circuit. Also, the Federal Circuit's dismissal of Mr. Poll's removal claim based upon his failure to prosecute constitutes a judgment on the merits for purposes of claim preclusion. *See Plaust v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute as a judgment on the merits.").

Even if this Court were to find that there had not been a final determination of Mr. Poll's claims, his claims are not valid where he failed to raise these issues in prior proceedings. The doctrine of res judicata preludes parties or their successors in interest from relitigating issues that were or *could have been raised* in the prior action after a final judgment on the merits. *Wilkes*, 314 F.3d at 503-04 (quoting *Satsky v. Paramount Comm., Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993)). Mr. Poll could have raised the Przecha comments much earlier in objecting to the multiple, prior rulings against him. Also, Mr. Poll could have sought a rehearing before the Federal Circuit and/or the MSPB if in fact those forums decided his case before the discovery of

---

[7] *Id.* at 18.

9

the Przecha statement. Mr. Poll did not avail himself of these remedies and should not be allowed to pursue remedies in this action.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED this 21st day of June, 2006.

_____
Dee Benson
United States District Judge