IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **BRENT G. POLL,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN W. SNOW, Secretary, United States Department of Treasury; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:01-cv-00094-DB-PMW<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Brent G. Poll's ("Plaintiff") motion to stay the judgment in this case.[2]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that Plaintiff is proceeding pro se in this case. Accordingly, the court construes his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 52.

[2] *See* docket no. 49.

On June 21, 2006, Judge Benson granted John W. Snow, et al.'s (collectively, "Defendants") motion for summary judgment in this case.[3] Soon thereafter, this court entered judgment in favor of Defendants.[4] Plaintiff appealed to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit").[5] In October 2007, the Tenth Circuit affirmed Judge Benson's ruling and this court's judgment in favor of Defendants.[6] In addition, the Tenth Circuit determined that Plaintiff's appeal was frivolous and imposed sanctions of $4041.70 jointly and severally against both Plaintiff and his counsel payable directly to Defendants.[7] In support of its imposition of sanctions against Plaintiff, the Tenth Circuit noted:

> Especially in reference to [Plaintiff], our decision to impose sanctions is reinforced by the fact that, acting pro se, he has filed yet another case in the federal district court raising the same issues he raises here. *See Poll v. Paulson*, No. 1:06-CV-144-TC-BCW (D. Utah filed Nov. 16, 2006). Given this, it is clear that [Plaintiff] was not simply influenced by his attorney to pursue this appeal, but that he independently wishes to continue pursuing judicial proceedings despite past judicial rulings counseling against that course.[8]

---

[3] *See* docket no. 38.

[4] *See* docket no. 39.

[5] *See* docket no. 40.

[6] *See* docket no. 47.

[7] *See id*.

[8] *Id*. at 9 n.2.

As a result of the Tenth Circuit's decision, this court entered a monetary judgment against Plaintiff on March 21, 2008, in the amount of the sanctions imposed by the Tenth Circuit.[9]  On April 18, 2008, this court received copies of two notices indicating that Plaintiff has filed a petition for a writ of certiorari in this case with the United States Supreme Court.[10]

In the motion currently before this court, Plaintiff seeks to stay the court's March 21, 2008 judgment pending the outcome of his appeal to the United States Supreme Court.  In their response to Plaintiff's motion, Defendants assert that they do not object to a stay, as long as Plaintiff posts the supersedeas bond required by rule 62(d) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 62(d).  In his reply, Plaintiff asserts that a supersedeas bond is unnecessary in this case and requests that this court grant his motion to stay without requiring him to post such a bond.

In relevant part, rule 62(d) provides:  "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond."  *Id*.

> The purpose of requiring a supersedeas bond pending appeal is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.  Typically, the amount of the bond matches the full amount of the judgment. . . . [D]istrict courts, however, have inherent discretionary authority in setting supersedeas bonds.

---

[9]  *See* docket no. 48.

[10]  *See* docket no. 53.

*Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996) (quotations and citations omitted).

Consistent with rule 62(d), this court will require Plaintiff to post a supersedeas bond in order to obtain his requested stay of the court's March 21, 2008 judgment. Accordingly, Plaintiff's motion to stay without a supersedeas bond is **DENIED**.

If Plaintiff still wishes to stay that judgment, he must comply with the requirements of rule 62(d) by filing a supersedeas bond. As to the amount of that bond, this court has determined, given the circumstances of this case, that it is appropriate to match the amount of the bond with the full amount of the judgment. If Plaintiff files such a bond, and it is approved by the court, only then will the court's March 21, 2008 judgment will be stayed pending Plaintiff's appeal to the United States Supreme Court.

**IT IS SO ORDERED**.

DATED this 24th day of April, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge